UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEEROY HARRIS : PRISONER CASE NO.
: 3:13cv165(JCH)
v. :
:
JON BRIGHTHAUPT : APRIL 16, 2013

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Leeroy Harris, an inmate confined at the Cheshire Correctional

Institution in Cheshire, Connecticut, brings this action pro se for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 (2000).  On February 13, 2013, the court ordered the

petitioner to show why this Petition should not be dismissed as time-barred.  In

response, the petitioner states that his prior state court attorneys did not tell him to file a

federal habeas petition, and he filed this Petition immediately after he was told to do so.

The one-year limitations period, set forth in 28 U.S.C. § 2244(d)(1), commences

when a petitioner's conviction becomes final.  A conviction becomes final when direct

appellate review is complete and either certiorari proceedings in the United States

Supreme Court are completed or "the time to seek direct review via certiorari has

expired."  Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924

(2001); see 28 U.S.C. § 2244.  The limitations period is tolled for the period during

which a properly filed state habeas petition is pending.  See 28 U.S.C. § 2244.

The Connecticut Supreme Court affirmed the petitioner's conviction on July 8,

1998.  See State v. Harris, 245 Conn. 922, 717 A.2d 238 (1998).  The conviction

became final on October 6, 1998, at the conclusion of the time within which the

petitioner could have filed a petition for writ of certiorari at the United States Supreme Court.  See Williams, 237 F.3d at 151 (the limitations period specified in 28 U.S.C. § 2244(d)(1)(A) commences at the completion of certiorari proceedings in the United States Supreme Court or at the conclusion of the ninety-day period during which a petition for certiorari could have been filed).  The one-year limitations period commenced on October 6, 1998, and expired on October 6, 1999.

State court records indicate that the petitioner did not file his first state habeas action until September 11, 2000, eleven months after the limitations period expired. See Harris v. Commissioner of Correction, No. NNH-CV00-0443018-S, http://civilinquiry.jud.ct.gov (last visited Apr. 11, 2013).  The petitioner filed his second state habeas action before the first was concluded.  Thus, he has had a pending state habeas action at all times since September 2000.  The petition will be time-barred, however, unless the petitioner can show that the limitations period should be equitably tolled for the eleven months between the conclusion of the limitations period in 1999 and the filing of his first state habeas action in 2000.

Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires the petitioner to show that he has been pursuing his rights diligently, but that extraordinary circumstances prevented him from timely filing his petition.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir.), cert. denied sub nom. Diaz v. Conway, 555 U.S. 870 (2008).  The threshold for the petitioner to establish equitable tolling is very high.  See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (acknowledging high threshold for establishing equitable tolling).  The court considers the severity of the obstacle posed by the

extraordinary circumstances with regard to the petitioner's ability to comply with the limitations period.  See Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012).   The court must determine whether "the petitioner act[ed] as diligently as reasonably could have been expected under the circumstances."  Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original).  In addition, the petitioner must have acted with reasonable diligence throughout the entire period he seeks to toll.  See id. at 150.

The few situations in which the Second Circuit has found an "extraordinary circumstance" that warranted equitable tolling of the limitations period involved obstacles such as a correctional officer's intentional confiscation of a prisoner's petition shortly before the filing deadline, see Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000); an attorney's egregious failure to file a habeas petition on a prisoner's behalf despite explicit directions from his client to do so, see Baldayaque, 338 F.3d at 150-51; a state appellate court's failure to inform a prisoner that leave to appeal was denied, see Diaz, 515 F.3d at 154–55; and an attorney's failure to file his client's petition until one day after the AEDPA deadline, despite the fact that the petitioner had been persistent in maintaining contact with the attorney and had specifically instructed him not to wait until the last day to file, see Dillon v. Conway, 642 F.3d 358, 363–64 (2d Cir. 2011) (per curiam).

The petitioner states that his attorneys in state court never told him to file a federal habeas action or the time limitation for doing so.  He also argues that he is ignorant of the law and innocent of the crime.

As an initial matter, the petitioner's claim that his attorneys in state court never told him to file a federal habeas action does not answer the question why the petitioner

3

failed to timely file his <u>state</u> habeas petition.  Moreover, courts within the Second Circuit consistently have held that lack of legal knowledge or legal assistance is not an extraordinary circumstance warranting equitable tolling.  <u>See</u> <u>Toccaline v. Commissioner</u>, 3:10-CV-1404(JCH), 2012 WL 603294, at *9 (D. Conn. Feb. 23, 2012) (citing cases).  Nor does an attorney's failure to advise an inmate about the limitations period or the advisability of filing a federal habeas petition rise to the level of an extraordinary circumstance.  Even <u>pro</u> <u>se</u> petitioners have the "burden of learning the applicable procedural rules in federal court and abiding by them . . . ."  <u>Hill v. Superintendent Gowanda Correction Facility</u>, No. 08 CV 4508, 2009 WL 560690, at *3 (E.D.N.Y. Mar. 4, 2009); <u>see</u> <u>also</u> <u>Jett v. Daniels</u>, No. 2:11-cv-2117-KOB-RRA, 2012 WL 2577584, at *4 (N.D. Ala. June 28, 2012) (attorneys' failure to advise petitioner about federal habeas limitations period is not extraordinary circumstance warranting equitable tolling); <u>Collier v. McVey</u>, No. 11-1547, 2011 WL 2669089, at *2 (E.D. Pa. July 7, 2011) (fact that court-appointed attorneys in state proceedings did not inform petitioner of limitations period to file federal habeas does not constitute extraordinary circumstance warranting equitable tolling); <u>Hood v. Director, TDCJ-CID</u>, No. 6:06cv374, 2007 WL 951634, at *2 (E.D. Tex. Mar. 26, 2007) (attorney error in failing to advise petitioner of availability of state post-collateral proceedings and statute of limitations for federal habeas action does not warrant equitable tolling).

The attorney is the client's agent.  As such, the client usually bears the risk of attorney error.  <u>See</u> <u>Holland v. Florida</u>, ___ U.S. ___, 130 S. Ct. 2549, 2563 (2010).  Even if, however, the failure of the petitioner's attorneys were considered an extraordinary circumstance, the petitioner would have to show that he acted with

reasonable diligence.  See Morrison v. Ercole, No. 05-CV-5246, 2007 WL 2362206, at *6-7 (E.D.N.Y. Aug. 15, 2007) (finding that ineffective assistance of counsel may constitute extraordinary circumstances, but concluding that petitioner failed to act with reasonable diligence).   Reasonable diligence requires more that simply retaining counsel.  The petitioner must show that "he himself made reasonably diligent attempts to ensure that his petition was filed on time."   Id. at *7 (internal quotation marks and citation omitted).

The petitioner states only that he did what his attorneys told him to do.  He provides no evidence that he made any inquiries or independent efforts to ascertain or comply with the requirements to file a federal habeas petition.  Thus, the court concludes that the petitioner did not act with reasonable diligence.

The petitioner also argues that the limitations period should be tolled because he is actually innocent of the crime.  The Second Circuit recognizes an equitable exception to the limitations period "in extraordinary cases . . . in which the petitioner has made a credible and compelling showing of his actual innocence under the Schlup [v. Delo, 513 U.S. 298 (1995)] gateway standard."  Rivas v. Fischer, 687 F.3d 514, 552 (2d Cir. 2012).  The petitioner must set forth "new reliable evidence–whether it be exculpatory, scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial" such that the petitioner can "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).[1]

---

[1] This court assumes, for the purpose of this Ruling, that the petitioner has met the requirement that the factual predicates for his actual innocence claim "must not

The petitioner was convicted of murdering a ten-year-old girl.  He states that, at trial, the only physical evidence linking him to the murder was a bloodstain on his shoes. DNA testing on the shoes in 2009 revealed that the victim's blood did not contribute to the stain.  The petitioner raised his actual innocence claim in his first state habeas action.  The Connecticut Appellate Court noted that the petitioner failed to present any affirmative proof of actual innocence, and there remained considerable circumstantial evidence that the petitioner had committed the crime.  The petitioner knew that the children were alone; he went to the apartment and asked the victim, alone, to accompany him; he alerted neighbors to the location of the body and knew the victim had been stabbed; and he left the scene to change his clothes.  The victim's brother identified the petitioner as the person with whom the victim left the apartment.  In addition, the 2009 DNA testing had included fingernail scrapings.  The petitioner declined an invitation to submit a DNA sample to compare to the test results.  The habeas court inferred from his refusal that the result would not have been exculpatory and considered this a separate and sufficient ground to reject the actual innocence claim.  The Connecticut Appellate Court concluded that the petitioner failed to establish a claim of actual innocence.  See Harris v. Commissioner of Correction, 134 Conn. App. 44, 49-54, cert. denied, 304 Conn. 919 (2012).

The DNA test result is new evidence.  In light of the substantial circumstantial evidence in the case, however, the court is not persuaded that no reasonable juror

---

have been discoverable through the exercise of due diligence" one year prior to the actual filing of his petition, including periods of time during which the one-year statute of limitations was tolled. See Rivas, 687 F.3d at 530.

would find the petitioner guilty on the existing evidence.  Thus, the petitioner has not asserted a compelling claim of actual innocence as required to warrant equitable tolling of the limitations period.

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is **DISMISSED** as time-barred.  Because reasonable jurists would not find it debatable that the Petition is untimely filed, a certificate of appealability will not issue.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED**.

Dated this 16th day of April 2013, at New Haven, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge